IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

IN RE:                                )
                                      )
PHILLIP H. ARNOLD,                    )       CASE NO. 306-07547
AND MARY E. ARNOLD,                   )
                                      )       CHAPTER 13
        Debtors.                      )
                                      )       JUDGE GEORGE C. PAINE II

_____

**MEMORANDUM OPINION**
_____

This Chapter 13 case should be titled "The Bankruptcy Code v. The Official Bankruptcy Forms." The title portends the answer, because as we all know, the Bankruptcy Code always wins. The issue is when a debtor's business expenses may be deducted in the 11 U.S.C. § 1325 calculations – before the income test of 11 U.S.C. § 1325(b)(3) is applied or afterwards when determining disposable income under 11 U.S.C. § 1325(b)(2) and (3). One need only read the statute to see that the 11 U.S.C. § 1325(b)(3) test utilizes current (gross) income rather than disposable (net) income.

The debtors in this Chapter 13 case formulated a three-year, zero percent plan based upon an "Amended Chapter 13 Statement of Current Monthly Income and Calculation of

Commitment Period and Disposable Income." (Bankruptcy Official Form 22C.) In this amended form, the self-employed debtors deducted business expenses on Line 3, Part I, to determine their current monthly income ($2,211.15), which they annualized to $26,533.80. This figure fell below the applicable median income ($42,126.00) thereby allowing a commitment period of three rather than five years (Part II), and permitting the debtors to avoid completing the remainder of Official Form 22C which calculates disposable income based upon the rigorous IRS standards required by 11 U.S.C. § 1325(b)(3) and 11 U.S.C. § 707(b)(2)(A) and (B) (Part III). Interestingly, in their initial Official Form 22C, the debtors did not take the business deductions in Line 3, Part I, in calculating their current income ($52,327.08), which resulted in current income exceeding the applicable median family income, thus requiring a five-year plan and their completion of the entire form.

The Chapter 13 Trustee objected to the three-year, zero percent plan which was based upon the Amended Official Form 22C. Instead, he requested a five-year plan based on the original Official Form 22C which did not deduct business expenses in Part I, Line 3, and which utilized the IRS standards reflected in parts IV, V, and VI to determine disposable income.

The Court agrees with the Chapter 13 Trustee. Official Form 22C, Part I, Line 3, which permits the deduction of business expenses to determine "current income" is simply wrong.

2

Case 3:06-bk-07547    Doc 37    Filed 07/03/07    Entered 07/03/07 12:29:14    Desc Main
Document      Page 2 of 6

## DISCUSSION

The query here starts with 11 U.S.C. § 101(10A) which defines current monthly income as "the average monthly income from all sources that the debtor receives . . . without regard to whether such income is taxable income, derived during the 6-month period [before bankruptcy] ." This section defines gross income, not net income, as current monthly income – nothing in 11 U.S.C. § 101(10A) indicates that expenses, whether business or personal, may be deducted in determining current monthly income. To arrive at disposable income, business expenses are deducted from current monthly income either (1) under 11 U.S.C. § 1325(b)(2)(A) and (B) if the debtor has current monthly income (annualized) less than the applicable median family income, or (2) under 11 U.S.C. § 1325(b)(3) and 11 U.S.C. § 707(b)(2)(A) and (B) if the debtor has currently monthly income (annualized) greater than the applicable median family income.

The Bankruptcy Code is clear in this respect, but Official Form 22C, Part I, Line 3, permits the deduction of "[o]rdinary and necessary operating expenses" as a part of the calculation of Current Monthly Income. This allows some debtors who do not qualify under 11 U.S.C. § 1325(b)(3) as below median debtors to escape the rigors of a five-year plan and to avoid the IRS standards for deductions. Moreover, it allows some debtors to deduct business expenses both to determine their current income and to determine disposable income under either 11 U.S.C. § 1325(b)(2) or (3), giving them double deductions for the same expenses. This the Bankruptcy Code does not allow. ***See In re Jackson,*** 353 B.R.

3

849, 851 (Bankr. E.D.N.C. 2006) ("for below-median debtors, business expenses are to be deducted on either Form B22C or on Schedule J, but not on both").

These discrepancies on Official Form 22C are clearly illustrated in this case. When the debtors filed their Amended Official Form 22C, subtracting business expenses on Line 3, Part I, their current monthly income (annualized) fell below the median. Thus they were not required to fill out Parts IV through VI and could file a three-year plan. When they filed their original Official Form 22C and did not deduct their business expenses on Line 3, Part I, they had to provide for a five-year plan. 11 U.S.C. § 1325(b)(3) and (b)(4).

While the Code clearly does not permit what the debtors using Official Form 22C did here, the debtors ask: "Where then are business expenses to be taken on Form 22C for either below median or above median debtors." Although this question need not be resolved to sustain the Chapter 13 Trustee's objection, the question deserves an answer. Unless Official Form 22C is changed as it should be, below median debtors should subtract the business deductions allowed under 11 U.S.C. § 1325(b)(2) listed on Schedule J from their current income. *In re Upton*, 363 B.R. 528, 532 (Bankr. S.D. Ohio 2007). *See also In re Risher*, 344 B.R. 833, 835 (Bankr. W.D. Ky. 2006) (look to actual expenses set forth on Schedule J); *In re McGuire*, 342 B.R. 608, 611 (Bankr. W.D. Mo. 2006) (reasonably necessary expenses based on Schedule J). Above median debtors should fill out the remainder of Official Form 22C and utilize the IRS standards under 11 U.S.C. § 1325(b)(3) and 11 U.S.C.

4

§ 707(b)(2)(A)(ii)(I) for "Other Necessary Expenses" as specified in the Internal Revenue Service Financial Analysis Handbook. *See In re Upton,* 363 B.R. at 532; *In re Risher*, 344 B.R. at 836. These expenses do not have a specific line item on Official Form 22C but may be deducted in the "Other Expenses" category in Part VI of the form. *See* H.R. Rep. No. 109-31(I) at 13-14 (2005), 2005 U.S.C.C.A.N. 88, 99-100 ("the debtor's monthly expenses – exclusive of any payments for debts (unless otherwise permitted) – must be the applicable monthly amounts set forth in the Internal Revenue Service Financial Analysis Handbook as Necessary Expenses under the National and Local Standards categories and the debtor's actual monthly expenditures for items categorized as Other Necessary Expenses") (footnotes omitted). The Financial Analysis Handbook sets forth a chart of other expenses, which include expenses that are necessary for the production of income. *See* Internal Revenue Service Financial Analysis Handbook § 5.15.1.10.

## CONCLUSION

For all of the foregoing reasons, the Chapter 13 Trustee's objections to the debtors' plan should be sustained.

The Chapter 13 Trustee shall submit an order consistent with these findings.

5

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**